**UNITED STATES of America, Plaintiff,**

v.

**The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Defendant.**

**Civ. No. 7376.**

United States District Court
D. New Mexico.
Aug. 12, 1969.

---

Victor R. Ortega, U. S. Atty., Ruth C. Streeter, Asst. U. S. Atty., Albuquerque, N. M., for plaintiff.

James T. Paulantis, Iden & Johnson, Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION

BRATTON, District Judge.

This is an action against the defendant Atchison, Topeka and Santa Fe Railway Company filed pursuant to the Hours of Service Act, 45 U.S.C. §§ 61–64. The complaint alleges that the defendant violated the act by requiring or permitting one of its brakemen to remain on duty for seventeen and one-half hours and asks judgment of $500.00 against the defendant.

The defendant claims that the delay that resulted in the work in excess of sixteen hours by the brakeman involved arose from a cause not known to nor foreseeable by the defendant at the time the train left the terminal at Roswell, New Mexico, and that it exercised a high degree of diligence, albeit unsuccessfully, in attempting to relieve the brakeman and comply with the statute.

The parties have submitted a stipulated set of facts which, together with their memorandum briefs, comprise the record upon which the case is to be decided.

The stipulation reveals that the following delays occurred in route from the terminal at Carlsbad, New Mexico, where the brakeman Holder went on duty, to Roswell, New Mexico. First, there was a delay of one hour and thirty minutes occasioned by a broken drawbar. Second, there was a fifteen minute delay at Artesia, New Mexico, while some cars were set out of the train and the train was inspected.

The third delay was at Roswell, New Mexico, where the train was stationary for two hours and fifty-five minutes due to doubling it to clear the tracks, watering three deisel units, adding cars to the train, doubling the train together, and inspecting the train's brakes.

The total distance from Carlsbad to Clovis is 183 miles, and a train running between those two points normally would arrive at its destination in fourteen hours and fifty-five minutes.

The last terminal on the route between Carlsbad and Clovis is Roswell. The run from Roswell to Clovis normally takes five hours.

In the present case, the train departed Carlsbad at 12:50 P.M. and should have arrived at Clovis at 1:25 A.M. It departed Roswell for Clovis at 8:25 P.M.

Approximately 91 miles from Clovis, there was a delay of one hour and forty-five minutes because the brakes on one of the cars became stuck. The brakes had to be bled off and the train doubled to Campbell, New Mexico. The conductor notified Roswell that the run to Clovis could not be made within the sixteen hour statutory limitation, and arrangements were made for a relief crew to meet the train at Tornero.

After the train got to Tornero, the brakeman remained on duty to provide

flag protection until the relief train arrived. This occasioned his service in excess of sixteen hours.

As indicated above, there were many delays in this case. The defendant relies upon the delay caused by the sticking brakes to bring it within the exception contained in 45 U.S.C. § 63, relieving it from responsibility where the delay was the result of a cause not known to the carrier or its officer or agent in charge of such employee at the time the employee left the terminal and which could not have been foreseen. The defendant points out that the brakes were inspected at Roswell and appeared at that point to be in good condition, so that the subsequent problem could not have been foreseen.

The defendant also asserts that it used reasonable diligence to avoid the consequences of the mishap which had delayed the train and to relieve the crew by directing another train carrying a relief crew to Tornero. That the relief train also encountered difficulties and arrived late, defendant contends, in no way detracts from the reasonable diligence of its actions.

There can be no doubt that all the delays contributed to the hour violation here involved. As for those delays other than the brake problem, there is no question that they were the product of operational difficulties and were neither novel or unusual.

However, even if the brake problem is the only delay germane to this decision, still it cannot be said that it was other than an operational difficulty that was incidental to operation. It was not an excuse for violation of the statute, and defendant's unsuccessful efforts to avoid such violation does not overcome the fact that it did violate the statute.

Accordingly, judgment in favor of the plaintiff in the amount of $200.00 will be entered herein, together with this Memorandum Opinion containing the Court's Findings of Fact and Conclusions of Law.